IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NATIONAL UTILITY REVIEW, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-93 |
| | ) | |
| HUNTER MANAGEMENT L.L.C., ERIC ROTHNER, and DAVID M. ARONIN, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On June 27, 2011, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed with the Court and was served on the parties. Plaintiff and Defendants each objected to parts of the Recommendation. The Court has reviewed the parts of the Magistrate Judge's Recommendation to which objection was made and has made a de novo determination.

The Court finds that personal jurisdiction does not exist over either Eric Rothner or David Aronin. Otherwise, the Court adopts the Magistrate Judge's recommendation. The fifth cause of action, alleging quantum meruit and unjust enrichment, will be the sole claim that survives and Hunter Management L.L.C. will be the sole defendant.

**I.    HUNTER**

Viewing the pleadings in the light most favorable to Plaintiff, *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989), Plaintiff has shown that:

1. In a related action, a state trial court found that: "(1) [Plaintiff], with whom [Care Centers, Inc. ("CCI")] entered into a contract, is a North Carolina company, (2) [CCI] knew the

work done by [Plaintiff] would be performed in North Carolina, [and] (3) such work was, in fact, done by [Plaintiff] in North Carolina." *Nat'l Util. Review, LLC v. Care Ctrs., Inc.*, 683 S.E.2d 460, 464 (N.C. Ct. App. 2009).

2. Kimmi Rudolph works for Hunter. While there is affidavit testimony from one of Hunter's managers that Ms. Rudolph was not employed by Hunter (Doc. 13 at 2 ¶ 4, 3 ¶ 9), Ms. Rudolph's e-mails to Plaintiff indicate that she was a representative of Hunter acting for CCI. (Doc. 21-2 at 3, 6, 23–25, 26, 27). The contracts expressly identify "Kimmi Rudolph, Hunter Management," as the "[c]ontact for all facilities" whose utilities were to be audited by Plaintiff. (Doc. 6-5 at 2; Doc. 6-6 at 2; Doc. 6-7 at 2.)

3. The same people owned and ran Hunter and CCI. (Doc. 12 at 1–2 ¶¶ 3, 5.)

4. In response to an e-mail to Plaintiff's president from Ms. Rudolph, the subject of which is not of record, Plaintiff sent an e-mail offering its services to "you guys." (Doc. 21 at 3 ¶ 5; Doc. 21-2 at 2.) It thus appears that Plaintiff's solicitation of CCI grew out of an existing relationship, the nature of which is not clear from the record, and that Plaintiff's solicitation was not directed to a stranger.

5. Thereafter Hunter, through its employee Ms. Rudolph, acted as CCI's agent in dealing with Plaintiff. Ms. Rudolph actively sought information from Plaintiff concerning Plaintiff's services, requested draft contracts, and negotiated with Plaintiff, acting as an intermediary between CCI and Plaintiff. Ms. Rudolph sent to and received from Plaintiff numerous e-mails. She participated in many phone calls with Plaintiff's president. All of these actions were taken as Hunter's employee and on behalf of CCI. (Doc. 21 at 2–10 ¶¶ 4–17, 13–15 ¶¶ 23–24, 20–21 ¶¶ 34–36, 22 ¶ 38; Doc. 21-2 at 2–30; Doc. 21-3 at 28–31, 33–39.)

2

6. Plaintiff and CCI entered into three contracts requiring work by Plaintiff over a one-year period. (Doc. 6-5 at 1; Doc. 6-6 at 1; Doc. 6-7 at 1.) Hunter was CCI's contact for these contracts. (Doc. 6-5 at 2; Doc. 6-6 at 2; Doc. 6-7 at 2.) CCI and Hunter knew that they would need to mail copies of telephone and utility bills and releases to Plaintiff in North Carolina and knew that Plaintiff's work pursuant to the contract would be done in North Carolina. (Doc. 21 at 3–4 ¶ 7.) Hunter sent Plaintiff hundreds of telephone and utility bills to audit for CCI. (*Id.* at 1 ¶ 2.)

This Court can "only exercise personal jurisdiction over a foreign corporation if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). The long-arm statute in North Carolina "is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Therefore, the inquiries of whether jurisdiction is authorized by the long-arm statute and whether jurisdiction comports with the Due Process clause merge "into a single inquiry as to whether the defendant has . . . minimal contacts with the forum state." *Id.* (internal quotation marks omitted).

While some of the factors to be considered cut against a finding that Hunter purposefully availed itself of the privilege of conducting activities in North Carolina, there are other factors which go the other way. The nature, quality and extent of the parties' communications about the three contracts as detailed above and in the Magistrate Judge's recommendation were substantial and occurred over time, the contracts were to be performed in North Carolina, Hunter played an integral role in negotiating and performing the contracts, and Hunter was the "contact" for CCI in

3

performing its duties under the contracts. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009); *English & Smith v. Metzger*, 901 F.2d 36, 38–40 (4th Cir. 1990). This constitutes a prima facie showing that Hunter purposefully availed itself of the privilege of conducting activities in North Carolina.

Finally, the exercise of jurisdiction over Hunter would be constitutionally reasonable. *Combs*, 886 F.2d at 676. Hunter repeatedly communicated with a North Carolina company over a significant period of time in connection with several business deals and knew the North Carolina company would be performing the contractual work in North Carolina. Thus, Plaintiff has made a prima facie showing sufficient to survive a Fed. R. Civ. P. 12(b)(2) motion to dismiss.

## II. INDIVIDUAL DEFENDANTS

The Court agrees with the Magistrate Judge's statement of the law that a non-resident corporate agent can be sued for a tort committed by him in his corporate capacity in the forum state. (*See* Doc. 38 at 7-8.) These cases are inapposite, however, when the allegations do not support a cause of action for any tort. The Court agrees with the Magistrate Judge's recommendation that the complaint fails to state a claim against either individual defendant for any tort, and thus these allegations are also insufficient to establish a basis for personal jurisdiction.

**IT IS THEREFORE ORDERED** that the Recommendation of the Magistrate Judge is **ADOPTED** in part. For the reasons stated by the Magistrate Judge as to all issues except personal jurisdiction over Defendants Rothner and Aronin and as supplemented herein:

1. The Defendants' Motion to Dismiss (Doc. 10) is **DISMISSED AS MOOT**;
2. The Defendants' Motion to Dismiss (Doc. 30) is **GRANTED IN PART and DENIED in PART**. All claims against Defendants Rothner and Aronin are **DISMISSED** for lack of personal jurisdiction and, in the alternative, for failure to state a claim upon

which relief can be granted. All claims against Defendant Hunter Management L.L.C. except for the fifth cause of action are **DISMISSED** for failure to state a claim on which relief can be granted.

3. A judgment dismissing this action as to Defendants Rothner and Aronin will be entered contemporaneously with this Order.

This the 30th day of September, 2011.

_____
United States District Judge